UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL WINTHROP, | Civil Action No. 16-836 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| SHERRY YATES, et al., | |
| Defendants. | |

**LINARES**, District Judge:

Currently before this Court is the complaint of Plaintiff, Paul Winthrop. (ECF No. 1).

Because Plaintiff has been granted *in forma pauperis* in this matter (ECF No. 2), this Court is

required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute,

this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for

relief, or seek damages from a defendant who is immune. For the reasons set forth below, this

Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

## I. BACKGROUND

Plaintiff Paul Winthrop is currently civilly committed to the Special Treatment Unit in

Avenel, New Jersey, under New Jersey's Sexually Violent Predator (SVP) Act, N.J. Stat. Ann. §

30:4-27.24 *et seq.* (ECF No. 1 at 1). Plaintiff, in his complaint, seeks to raise a conditions of

confinement claim alleging that the food that is served to him and his fellow civilly committed

detainees is of poor quality. (*Id.* at 1, 5-11). Plaintiff alleges in his complaint numerous facts

which he asserts supports the conclusion that the food served at the STU is inadequate.

Specifically, he alleges that the food served at the STU, which he refers to as "eatable food like

1

substances," is prepared by convicted prisoners in state prison and transported to the STU in

large bags. (*Id.* at 6). Plaintiff alleges that the food that is served is not easily identifiable and is

colloquially referred to by he and his fellow detainees by names such as "taco bell, chicken

supreme, and alpo." (*Id.* at 6-7). Plaintiff further states that at least some of the food which

arrives at the STU arrives in a spoiled or malodorous state, and that the detainees in the STU are

sometimes served "green-molded bread." (*Id.* at 6). Plaintiff also alleges that the milk

containers in which milk is served are sometimes dirty on the outside, and occasionally the

cartons will leak, and that the milk is packaged and shipped from Jones Farm, a New Jersey

penal institution. (*Id.* at 7). Plaintiff also asserts that only 2% milk is served, and that he and his

fellow detainees are prohibited from buying their own whole milk. (*Id.*). Plaintiff additionally

states that the hot water used to keep the food warm during meals sometimes cools and that the

food therefore does not always stay warm throughout meals. (*Id.* at 7-8). Because of the

allegedly low quality of the food, Plaintiff alleges that much of it is thrown away, and he and his

fellow detainees often choose to spend their own money on outside food instead of consuming

the provided food. (*Id.* at 8). Plaintiff also alleges that much of the food that is served is

"processed" food which cannot rot and may not actually contain the meat it is supposed to

contain. (*Id.* at 8-9). Finally, Plaintiff asserts that the variety of food is not sufficient for his

liking, and that certain types of food, such as corn or rice, are served quite frequently. (*Id.* at 9).

Plaintiff notes in his complaint that he has already raised his complaints in the State

courts through an administrative appeal, and that he has been denied relief in both the New

Jersey Supreme Court and Appellate Division. (*Id.* at 1-2). In addition, Plaintiff has attached to

his complaint several weeks' worth of menus for the STU, which appear to suggest that the bread

about which Plaintiff complains is not a center component of the food served to the SVPs, that

food does vary from day to day, and that the SVPs do have some options as to what food and

drink they may consume. (Document 1 attached to ECF No. 1 at 1-8).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-

66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil

actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or

seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts

to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§

1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers

'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege

"sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS

Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of
Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing
*Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232
(3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x
159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

Plaintiff attempts to raise claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). This Court construes Plaintiff's complaint as attempting to assert a conditions of confinement claim under the Due Process Clause of the Fourteenth Amendment based on the quality of food served to him in the Special Treatment Unit.[2]

---

[2] To the extent that Plaintiff also tries to base this claim on an alleged failure to adhere to the New Jersey statute requiring SVPs to be housed and managed separately from convicted prisoners save for occasional incidental contact, Plaintiff claims only a violation of a state statute which is insufficient to state a claim under § 1983. *See Nicini*, 212 F.3d at 806 (§ 1983 only

4

As Plaintiff is a civilly committed and not serving a prison sentence, his claim arises out

of the Due Process Clause of the Fourteenth Amendment. *Mora v. Camden Cnty.*, No. 09-4183,

2010 WL 2560680, at *8 (D.N.J. June 21, 2010).

> Under the Due Process Clause, . . . officials must satisfy [non-
> convict detainees'] "basic human needs-e.g., food, clothing, shelter,
> medical care, and reasonable safety." *Helling v. McKinney*, 509
> U.S. 25, 32 (1993). The Constitution requires "that [detainees] be
> served 'nutritionally adequate food that is prepared and served under
> conditions which do not present an immediate danger to the health
> and well being of [those] who consume it' [and] under certain
> circumstances a substantial deprivation of food may well be
> recognized as being of constitutional dimension." *Robles v.
> Coughlin*, 725 F.2d 12, 15 (2d Cir.1983) (quoting *Ramos v. Lamm*,
> 639 F.2d 559, 571 (10th Cir.1980)). "[A detainee's] diet must
> provide adequate nutrition, but [] officials cannot be held liable
> under the [constitutional standard] unless the [plaintiff] shows both
> an objectively serious risk of harm and that the officials knew about
> it and could have prevented it but did not." *Mays v. Springborn*,
> 575 F.3d 643, 648 (7th Cir.2009) (citation omitted). Objectively,
> "[w]hether the deprivation of food falls below this [constitutional]
> threshold depends on the amount and duration of the deprivation."
> *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999) (quoting *Talib v.
> Gilley*, 138 F.3d 211, 214 n.3 (5th Cir.1998)). As the Supreme Court
> emphasized, "the length of confinement cannot be ignored in
> deciding whether the confinement meets constitutional standards. A
> filthy, overcrowded cell and a diet of 'gruel' [providing 1000
> calories a day] might be tolerable for a few days and intolerably
> cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686–87
> (1978).

*Mora*, 2010 WL 2560680 at *8.

---

provides a cause of action for violations of Federal law or the United States Constitution). It is
not clear to what extent a private cause of action is available under the statute in question, N.J.
Stat. Ann. § 30:4-27.34(a), nor is it clear that having food provided to the STU by prison
kitchens in any way violates the statute in any event. *See, e.g., Grohs v. Fratalone*, No. 13-7870,
2015 WL 6122147, at *8 (D.N.J. Oct. 16, 2015) (suggesting that the statute does not suggest a
private cause of action and indeed implies the opposite). Thus, this Court will discuss only
Plaintiff's conditions of confinement claim.

Here, Plaintiff fails to state a cognizable conditions of confinement claim as he has failed to show that the food service in the STU presents an "objectively serious risk of harm" to Plaintiff and his fellow SVPs. Most of Plaintiff's allegations regarding the food arise out of the fact that the food served at the STU is of similar quality to prison food, that the food is prepared by prisoners rather than outside companies, and is not of the same quality as might be had in other forms of civil commitment. Such claims, however, do not rise to the level of a constitutional violation as they in no way show that the food served to Plaintiff presents an objectively serious risk of harm. *Mora*, 2010 WL 2560680 at *8-9. Likewise, although Plaintiff alleges that some of the containers that arrive in the STU are dirt on the outside or with less than a full amount of milk fails to show that the milk itself presents any such serious risk. Plaintiff's claims that some food arrives in a foul smelling or rotting state also fails to state a claim because Plaintiff has not alleged that this spoiled food is then served to the SVPs without a reasonable alternative, and indeed it is entirely possible under the facts pled that the spoiled food is thrown away.

The closest Plaintiff comes to stating a cognizable constitutional claim is in his assertion that SVPs are sometimes served moldy bread. Were this moldy bread served with great frequency, without some alternative option, and as a central feature of the food provided to the SVPs, a conditions of confinement claim may be possible. Plaintiff, however, has pled no such facts, simply asserting that moldy bread is sometimes provided. Without any facts as to how frequently this occurs, what other options are provided, and for how long SVPs are "forced" to eat such food, this Court cannot find that Plaintiff has stated a cognizable constitutional claim. Indeed, Plaintiff himself attaches to his complaint a series of menus which strongly suggest that bread, be it moldy or otherwise, is at best a relatively minor portion of the diet of the SVPs, and

6

that other options are available. (Document 1 attached to ECF No. 1). Thus, Plaintiff's moldy

bread claim appears to be insufficient to support a § 1983 conditions of confinement claim.

Ultimately, what Plaintiff asserts in his complaint is that he is unhappy with the food that

he is being served at the STU, and therefore has to pay for alternative food. While it is

understandable that an individual may not wish to consume processed or institutionalized food,

the lack of palatable options is not sufficient to state a cognizable claim under the Due Process

Clause. *Mora*, 2010 WL 2560680 at *8-9. As a conditions of confinement claim based on food

service requires that a Plaintiff plead facts which would show that the food served presents an

objectively serious risk of harm and that the officials responsible knew of that risk and were

deliberately indifferent to it, and because Plaintiff has failed to show any such objectively serious

risk regardless of his dislike of the food he is provided, Plaintiff's complaint fails to state a claim

for which relief may be granted. *Id.* This Court will therefore dismiss Plaintiff's complaint

without prejudice at this time.[3] Because the complaint is being dismissed in its entirety,

however, Plaintiff shall be provided with leave to file an amended complaint addressing the

deficiencies in his current complaint within thirty days.


## III. CONCLUSION

For the reasons stated above, this Court will dismiss Plaintiff's complaint without

prejudice for failure to state a claim. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

---

[3] To the extent that Plaintiff's complaint may have been intended to also raise state law claims,
this Court declines to extend supplemental jurisdiction over any such claims as all claims over
which this Court has original jurisdiction are being dismissed. *See* 28 U.S.C. § 1367(c)(3).